# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 6, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SPARTAN MINING COMPANY,**
**Employer Below, Petitioner**

**vs.)    No. 11-0804**  (BOR Appeal No. 2045310)
(Claim No. 2006210618)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**JIM A. HAYWORTH,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Spartan Mining Company, by Sean Harter, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Jim A. Hayworth, by John Blair, his attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 18, 2011, in which the Board affirmed an October 26, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges modified the claims administrator's April 21, 2010, decision accepting arthropathy of lower leg and effusion of lower leg joint as compensable conditions, and rejecting osteoarthritis of the knees and "miner's knees" as compensable components. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

While Mr. Hayworth was employed with Spartan Mining Company, he regularly worked in low coal. Drs. Orphanos, Jafary, Doctry, and Pierson all diagnosed Mr. Hayworth with arthritis of the knees. Dr. Pierson found that Mr. Hayworth's work in low coal could have aggravated and worsened his condition over time, and Dr. Mukkamala found in his report recommending a 6% permanent partial disability award that Mr. Hayworth's condition is attributable at least in part to his employment.

In its Order modifying the claims administrator's April 21, 2010, decision, the Office of Judges held that arthropathy of lower leg, effusion of lower leg joint, and osteoarthritis of the knees are all compensable components of the claim, while "miner's knees" is not a compensable component of the claim. Spartan Mining Company disputes this finding and asserts that the evidence of record fails to link osteoarthritis of the knees to Mr. Hayworth's employment.

In its Order, the Office of Judges relied on *Lilly v. State Workmen's Compensation Com'r,* 159 W.Va. 613, 620, 225 S.E.2d 214, 218 (W.Va. 1976), in which this Court stated that "an employee who is injured gradually by reason of the duties of employment and eventually becomes disabled is no less the recipient of a personal injury than one who suffers a single disabling trauma." The Office of Judges found that "miner's knees" is not listed in its internal classification of diseases and injuries, and therefore found that it is not a compensable component of the claim. The Office of Judges then found that the record demonstrates that Mr. Hayworth's history of working in low coal is a significant contributing factor to his arthritis. Finally, the Office of Judges found that Mr. Hayworth's employment contributed at least in part to his osteoarthritis, and therefore should be added as a compensable component in the claim. The Board of Review reached the same reasoned conclusions in its decision of April 18, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 6, 2013**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

Chief Justice Brent D. Benjamin, Disqualified